THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL SHEEHAN, PLAINTIFF IN ERROR.

Submitted January 31, 1936—Decided June 19, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff in error, *William Herda Smith*.

For the defendant in error, *French B. Loveland* and *Joseph Lanigan*.

LLOYD, J. Michael Sheehan, a captain of police of the city of Wildwood, was jointly indicted with Doris Bradway, the mayor of that city, for non-feasance in office. On this indictment Sheehan was convicted and Mrs. Bradway was acquitted. From his conviction Sheehan has a writ of error and we are asked to review the case on both assignments of error and specification of causes for reversal.

The charge was in substance that the defendants, one as mayor of the city and the other as captain of police, knowingly permitted the existence of disorderly houses, lotteries, bookmaking, pool selling and slot machines.

The first contention of plaintiff in error is that the court should have directed a verdict of acquittal because there was no legal proof of the duties alleged in the indictment. We think this is an idle contention. Both of the defendants were under sworn duty to see to the enforcement of the laws, one as mayor and the other as a police officer, and if, as appears, there were violations of the law that it could reasonably be inferred existed within the knowledge of these officers, there was certainly a duty imposed by law to see to their suppression.

Another ground urged and argued for the direction is "that there was no intent shown on the part of the state that Sheehan refused or neglected his duty, nor did he willfully neglect his duty." Part of this is senseless as applied to the facts. Obviously the state had no intent in the matter. If it is meant to refer to intent on the part of Sheehan, there was ample proof that he knew of the existence of these conditions, and that he willfully neglected his duty in that regard. The testimony of the widespread existence of gambling, slot machines, gambling places and their public character, together with specific proof of the attention of Sheehan being called to their existence, leaves no room for doubt that there was ample evidence to justify the conclusion that Sheehan had a guilty knowledge of their existence and willfully refrained from suppressing them.

The second point urged is that the judge committed error in charging that "an indictment is simply a charge by the grand jury that a crime has been committed by the defendants named. The charges that are made in an indictment are not necessarily—do not necessarily result in guilt. It is a mere charge of guilt." It is difficult to see any inaccuracy in this instruction. When an indictment charges an offense it necessarily implies a charge of guilt. In this case the judge amplified his own definition as to the import of the

indictment by reading the indictment *in extenso*. An indictment is defined to be a written accusation against one or more persons of a crime or misdemeanor. *Bouv. Dict.* 1542. Certainly an accusation of the commission of a crime implies a charge of guilt.

It is next argued that there was error in the failure of the judge to instruct the jury that the testimony referring to Sheehan should be confined to the acts during the period of time that he was in charge of the police department and not for any acts committed between July 20th, 1923, and March 19th, 1934, and to the instruction that the plaintiff in error was in charge of the detail of police from July 20th, 1933, to March 19th, 1934. The point of this line of complaint is that Sheehan was chief of police but for the short period of time in August and September, 1933; that he was not responsible for the existence of crime during the full period to March 19th, 1934, and that inasmuch as the indictment charged existence of conditions from July 20th, 1933, to March 19th, 1934, there was error in the instruction. Both of these contentions are without merit. It may be said that a failure to give an instruction not asked for is not error, but passing this criticism, we think it would have been error to have instructed the jury as is here contended. While Sheehan was not in full charge of the department as chief of police he was a captain of police and it was clearly established that the conditions testified to existed so within his knowledge that there was a dereliction of duty in his failure to suppress them.

The last contention made is that the verdict was against the weight of the evidence. What we have already said would indicate that this is not so. While the plaintiff in error testified to the absence of knowledge of the illicit conditions existing in the city, it was clearly open to the jury without doing violence to the proofs to conclude to the contrary.

The judgment is affirmed.